Filed 9/26/13  Von Gunten v. Meiners Oaks Water Dist. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ELIZABETH VON GUNTEN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MEINERS OAKS WATER DISTRICT,<br><br>    Defendant and Respondent. | 2d Civil No. B246478<br>(Super. Ct. No. 56-2012-00422070-<br>CU-PT-VTA)<br>(Ventura County) |

Appellant Elizabeth von Gunten was an elected member of the Board of Directors (Board) of respondent Meiners Oaks Water District (MOWD).  Shortly after she was reelected for a second term, she moved out of the geographical boundary of MOWD.  She was forced off the Board as required by statute and a new director was appointed.   Seventeen months later appellant filed a petition for writ of mandamus challenging the Board's decision.  The trial court found the delay both unreasonable and prejudicial and denied the petition based on the equitable doctrine of laches.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

MOWD is a small county water district serving customers in the Meiners Oaks area of Ventura County.  (See Wat. Code, § 30000 et seq.)[1]  Appellant was elected as a director of the MOWD Board in 2006 and served a four-year term.  She was re-

---

[1] All statutory references are to the Water Code unless otherwise stated.

elected in November 2010. A few months later, the Board discovered that appellant had provided a false "residence address" on her declaration of candidacy filed with the Ventura County Clerk and Recorder. She declared that her residence and mailing address was 136 North Poli Avenue in Ojai. Appellant had resided at 132 North Poli Avenue until 2008, when she could no longer afford the rent. She then lived in her vehicle and used her former neighbor's address at 136 North Poli Avenue to receive mail. Appellant claims that 136 North Poli Avenue is her legal residence, even though she only collects mail at that address. Appellant does not dispute MOWD's assertion that she regularly parks her vehicle at a location outside the district.

Section 30508 sets forth the continuing residency requirements for directors on California county water boards: "If a director's place of residence, as defined in Section 244 of the Government Code, is moved outside district boundaries . . . , and if within 180 days of the move or of the effective date of this section the director fails to reestablish a place of residence within the district . . . , it shall be presumed that a permanent change of residence has occurred and that a vacancy exists on the board of directors . . . ." (See §§ 30500, 30503, 30504.) After learning that appellant had been living outside the district for over three years, the Board questioned whether appellant was qualified to serve as a director and whether she had committed perjury on her declaration of candidacy. At a meeting on March 15, 2011, the Board determined that appellant did not meet the residency requirement and voted to declare the seat vacant. Appellant disputed the decision on the record.

Appellant took no further action and a new director was appointed to fill her seat. (See § 30504 ["All vacancies occurring in the office of director shall be filled pursuant to Section 1780 of the Government Code"].) On August 6, 2012, almost 17 months after the Board's decision, appellant filed a petition for writ of mandamus seeking an order reinstating appellant to her elected position. She contended that she met the residency requirement and was wrongfully ejected from the Board. MOWD responded that appellant was properly replaced as a director and also asserted a defense of laches.

2

Appellant acknowledged that the delay in filing the petition was "by any standard, a substantial delay," but asserted it was not unreasonable. She explained that she did not have sufficient funds to hire counsel to promptly file an action, that any attempt to file an action *in pro per* would have been futile and that she had unsuccessfully pursued some type of remedy through the California Attorney General's office.

Following a hearing, the trial court issued a minute order denying the petition "on the basis of Laches." A court reporter was not present, and appellant did not obtain a settled statement of the hearing. Nonetheless, the parties agree that the trial court emphasized the time span between the Board's action and the filing of the petition and the unattractive prospect of having to revisit prior Board actions if appellant were restored to her seat. Because it ruled based on laches, the court did not decide the substantive issues related to appellant's residence and her electoral candidacy. This appeal followed.

DISCUSSION

Appellant contends the trial court erred by finding that her petition was barred by laches. We review that finding under the substantial evidence standard. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 67 (*Johnson*); *Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.) Under this deferential standard, "[a]ll conflicts are resolved in favor of the prevailing party, who is entitled to the benefit of every reasonable inference to support the judgment." (*Duax v. Kern Community College Dist.* (1987) 196 Cal.App.3d 555, 562.)

The defense of laches requires two elements: "[U]nreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." (*Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359, fns. omitted (*Conti*); see *Johnson, supra,* 24 Cal.4th at p. 68.) When the analysis arises in the administrative law context, as it does here, two other principles apply. The first is that review of a personnel decision made by a public agency must be sought promptly. (*Vernon Fire Fighters Assn. v. City of Vernon* (1986) 178 Cal.App.3d 710, 719 (*Vernon*).) The second is that the period to be examined for "delay"

3

includes both the period before and the period after the filing of the mandate petition. (*Johnson, supra*, at p. 68; *Conti, supra*, at p. 357.)

Appellant concedes the 17-month delay in seeking administrative mandamus relief was substantial "by any standard," but contends that the delay was reasonable or excusable. (See *Vernon, supra*, 178 Cal.App.3d at p. 719.) The evidence contained in this limited record does not support this contention. Once the Board declared appellant's seat vacated, it had a statutory duty to appoint a successor. (§ 30504.) Appellant provided no reasonable excuse for failing to take prompt action to preserve her seat. Her purported inability to afford counsel did not justify the substantial delay. (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1419 ["We disagree with plaintiff's implicit assertion that a party's inability to afford counsel necessarily justifies delay"].) In addition, appellant admitted she considered and rejected the idea of filing a *pro per* petition, choosing instead to engage in "a substantially time-burning false start on a remedy, involving the California Attorney General's Office." Her decision to wait nearly a year and a half before pursuing her administrative remedies was both deliberate and unreasonable. It also was prejudicial.

Courts recognize that a public employee's unreasonable delay in seeking reinstatement can be prejudicial if it would require discharge of the employee's successor. (E.g., *Conti, supra*, 1 Cal.3d at p. 360; *Vernon, supra*, 178 Cal.App.3d at p. 726.) MOWD presented evidence that it was required by statute to fill appellant's vacant seat and that by the time her petition was heard, the new director had served for nearly two years. The trial court found that the new director had made countless decisions which would have to be analyzed, revisited and re-voted upon if appellant were restored to her seat. Appellant does not dispute the accuracy of this finding. Rather, she asserts that "[i]f the Board finds itself embarrassed by any necessity for modification of actions and decisions made by the Board's unlawfully-appointed member, it should be recalled that the unlawful action was the Board's idea." But this assertion merely underscores the prejudicial impact of her delay. If appellant had immediately challenged the Board's alleged "unlawful action," the new director would have served only a few months before

4

the petition was heard.  Instead, appellant waited 17 months to file her claim.  This delay necessarily increased the work that would be required by the Board if she prevailed on her petition.  Moreover, as an elected official, appellant should have appreciated that any significant delay in resolving her dispute with the Board would be detrimental to MOWD and its constituents.

We conclude substantial evidence supports the trial court's finding of laches.  Because we uphold the judgment on that basis, we do not reach the substantive issues raised in appellant's petition.

DISPOSITION

The judgment is affirmed.  MOWD shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Frederick Bysshe, Judge

Superior Court County of Ventura

_____

Ford & Ford and Michael Ford for Appellant.

Nielson Huff and Paul R. Huff for Respondent.